UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FELISHA E. H.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C25-2005-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision finding her not disabled. The ALJ found degenerative disc disease of the lumbar spine with mild levoconvex scoliosis, obesity, borderline personality disorder, major depressive disorder, posttraumatic stress disorder (PTSD), dissociative identity disorder, unspecified adjustment disorder and anxiety are severe impairments; Plaintiff retains the residual functional capacity (RFC) to perform light work subject to additional, physical, postural, environmental, and mental limitations; Plaintiff has no relevant past work but is not disabled because there are jobs that exist in significant numbers in the national economy she can perform.

Plaintiff contends the ALJ erroneously rejected the opinions of Geodie Knapp, Ph.D., Tasmyn Bowles, Ph.D., and Adreinne Patterson, LSWAIC, MHP, and Plaintiff's testimony.

ORDER REVERSING AND REMANDING - 1

For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

**A.    Medical Opinions**

The ALJ rejected the opinions of Dr. Knapp, Dr. Bowles, and MHP Patterson stating they are "unsupported by contemporaneous objective findings; inconsistent with the overall records as a whole, for the reasons discussed above, and are overstatements of the claimant's mental limitations." Tr. 34. The ALJ also found MHP "Patterson's opinion fails to provide specific work-related limitations." Tr. 34.

ALJs must articulate the persuasiveness of each medical opinion and explain how they considered each opinion's supportability and consistency. The ALJ cannot reject a medical opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The ALJ rejected the three opinions first finding they are "unsupported by contemporaneous objective findings." The ALJ did not cite to the record to support this finding, and did not explain the finding and accordingly erred. *See e.g., Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (ALJ must do more than offer conclusions; they must also explain why their interpretation, rather than the doctor's interpretation, is correct).

The Commissioner contends the ALJ did not err first arguing the Court can find the ALJ properly determined the opinions are not supported by reviewing all record citations contained in the decision. But the Court reviews only the reasons provided by the ALJ and may not affirm on a reason upon which the ALJ did not rely, *Orn* at 630, and the ALJ did not refer to any particular

ORDER REVERSING AND REMANDING - 2

part of the record in finding the opinions unsupported. This is clear because the ALJ used a semi-colon to separate the supportability finding, from the consistency finding which refers to specific portions of the record.

Additionally, substantial evidence does not support the ALJ's supportability finding. Dr. Knapp noted Plaintiff presented with depressed mood and flat affect; her speech was quiet/loud; her history indicated impaired social judgment and poor insight; and noted Plaintiff's comments about the disruptiveness of her personality disorder, her fears caused by a history of abuse and her recurrent depression. These findings support Dr. Knapp's assessed limitations and the ALJ failed to acknowledge them or explain why they should be discounted.

Dr. Bowles noted Plaintiff's history of abuse, suicidal ideation, challenges with personality changes, mood instability, and dysphoric mood. These findings support the doctor's opinions and the ALJ again did not acknowledge them or explain why they should be discounted.

Treating MHP Patterson indicated Plaintiff experiences intense affective instability "a core trait of BPD exacerbated by PTSD which affects [Plaintiff's] ability to engage in appropriate behavior." Tr. 845. The MHP further stated in her work with Plaintiff in a group setting, she has "witnessed [Plaintiff] having difficulty regulating their emotions enough to focus on the task at hand." Tr. 846. These findings support the MHP's opinion and the ALJ did not comment on them.

The Court accordingly finds the ALJ's supportability finding is erroneous.

The ALJ also discounted the three opinions as inconsistent with the record. The ALJ cited BF3. 23-24 (normal MSE findings); B4F 5-6 (normal MSE findings, except impaired social judgement and poor insight); B11F 3-4 (normal MSE); B13F 11(Plaintiff cooperative and had euthymic mood and affect); and B14F7 (Broad mood congruent, logical and goal directed,

ORDER REVERSING AND REMANDING - 3

normal perception). The ALJ's reliance upon these selected citations paints an inaccurate picture of the severity of Plaintiff's mental health limitations. If one limited Plaintiff's mental health to only these selected citations, one would conclude Plaintiff has few if any limitations. But this conclusion is inconsistent with the ALJ's own determination "the evidence of record shows the claimant's subjective symptoms of PTSD, recurrent depression, and feeling anxious, along with some abnormal objective findings of depressed, anxious, dysphoric, angry and elevated mood; flat affect; impaired/poor judgment and insight and tangential thought process." Tr. 31.

The ALJ appears to discount Plaintiff's acknowledged severe mental limitations by juxtaposing them with how Plaintiff was cooperative with her providers, appropriately groomed with intact memory, had logical goal-oriented thought process and normal concentration, speech, judgment and insight. *Id.* But Plaintiff's cooperation and normal thinking process is not the reason she claims disability. Rather she testified, and as indicated by the three opinions, Plaintiff's PTSD, anxiety, adjustment and mood disorder cause Plaintiff to have difficulty interacting with people as she becomes angry, snappy, nervous, exercises poor judgment, and gets overwhelmed. None of these limits are diminished by the fact she has normal cognition or can be cooperative during a medical appointment or interview.

The Court accordingly finds the ALJ harmfully erred[1] in rejected the three opinions as unsupported and inconsistent with the record and must reassess them on remand.

**B.    Plaintiff's Testimony**

The ALJ noted Plaintiff testified she cannot work due to her mental health problems that cause daily anxiety, mood fluctuation, become angered easily, feeling overwhelmed and having

---

[1] The ALJs finding MHP Patterson did not provide specific work-related limitations is belied by the "Mental Health Functional Capacity Assessment" the MHP completed which details specific work-related limitations. Tr. 840-841.

ORDER REVERSING AND REMANDING - 4

trust and difficulties interacting with people. Tr. 30. The ALJ discounted Plaintiff's this testimony as inconsistent with the medical record regarding normal MSE findings, cooperation and adequate grooming. Tr. 31. As discussed above these findings do not diminish the evidence of record that the ALJ himself found showed Plaintiff has significant mental health problems and limits. The ALJ accordingly erred.

The ALJ also discounted Plaintiff's testimony finding she received conservative treatment. This is not case in which Plaintiff's treatment is so minimal treatment that, even without explanation, the only reasonable conclusion is Plaintiff's claimed symptoms are inconsistent with the dearth of treatment. Plaintiff received treatment which included psychotropic medications, and the ALJ does not explain why the treatment is inconsistent with her testimony. *See Drawn v. Berryhill,* 728 F. App'x 637, 642 (9th Cir. 2018) (ALJ's characterization of treatment as conservative improper where claimant was prescribed several psychiatric medications).

The record indicates Plaintiff has a history of significant mental problems including being taken to a hospital for potential involuntary commitment before the alleged onset date and that Plaintiff received and continues to receive mental health counseling. There is nothing in Plaintiff's mental health records indicating her conditions are viewed as minor and she is thus receiving minor treatment. The ALJ himself found the record showed Plaintiff has significant mental health problems. Thus, the Court finds the ALJ's conclusory statement that Plaintiff's treatment is conservative is a conclusory and insufficient basis to reject Plaintiff's testimony.

The ALJ further rejected Plaintiff's testimony as inconsistent with her daily activities. Tr. 32. The ALJ noted Plaintiff has some difficulty with personal care and doesn't drive but that she could make meals, perform household chores, use public transportation and do in-store grocery

ORDER REVERSING AND REMANDING - 5

shopping if someone accompanies her. *Id.* The ALJ may not penalize Plaintiff for attempting to live a normal life, *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987), and the minimal activities the ALJ noted neither contradict Plaintiff's testimony about the activities she can perform nor are they activities transferrable to a work setting. The activities are thus insufficient grounds to reject Plaintiff's testimony. *Orn v. Astrue*, 495 F.3d at 639.

The Court finds the ALJ erred in discounting Plaintiff's testimony as to her mental health limitations. The Court will not disturb the ALJ's determination to discount Plaintiff's testimony as to her physical limitations as she has not challenged this determination.

**CONCLUSION**

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess the opinions of Dr. Knapp, Dr. Bowles, and MHP Patterson; reassess Plaintiff's testimony limited to her claims regarding her mental health limitations; develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability determination process.

DATED this 7th day of April, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER REVERSING AND REMANDING - 6